UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLEN WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00770-SEB-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

Allen Williams seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a prison disciplinary proceeding in case NCF 23-02-0039, in which he was found guilty of disorderly conduct and sanctioned with a 30-day loss of good-time credit and the imposition of a previously suspended one-step demotion in credit class. For the reasons explained below, the disciplinary proceeding did not violate Mr. Williams' due process rights, and his habeas petition is **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.    The Disciplinary Proceeding

On February 5, 2023, at 1646 pm, Sgt. K. Martin wrote a conduct report charging Mr. Williams with offense B-236, disorderly conduct. Dkt. 12-1. The report stated:

> On the above date and approximate time I, Sergeant K. Martin while escorting medical staff nurse to pass meds, once the nurse where about to give offender Williams, Allen doc# 138186 his meds, Offender started screaming and banging the door. I sergeant K. Martin ordered Offender Williams, Allen doc# 138186 to stop acting aggressively and to stop banging his cell location door Rhu324 but refused to and after couple verbal orders, Offender Williams, Allen doc# 138186 due to the act of his behaviors and for the safety of the nurse and I myself (sergeant K. Martin) could not open the slot (cuff port). I sergeant K. Martin had to escort the nurse safetly out of the range RHU 300.

*Id.* (errors in original).

Offense B-236 is defined as "[e]xhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 12-9 at 8.

On February 8, 2023, the screening officer notified Mr. Williams of the charge and provided him with a copy of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 12-1; dkt. 12-2. The officer advised Mr. Williams of his rights, and Mr. Williams pleaded not guilty. Dkt. 12-2. Mr. Williams did not request any physical evidence or a lay advocate. *Id*. Mr. Williams requested "RN Grace" as a witness and wanted to ask her two questions: "was I being disorderly?" and "was I just trying to get my eye drops?" *Id.*

After two unsuccessful attempts to call RN Grace to obtain her statement on February 13 and 14, staff obtained a witness statement from RN Grace over the phone on February 20, 2023. Dkt. 12-2; dkt. 12-6. In response to Mr. Williams' question, "was I just trying to get my eye drops?" RN Grace stated, "You wanted the eye drops the way you wanted them, not the way we were gonna give them to you." Dkt. 12-6 at 1. In response to Mr. Williams' question, "was I being disorderly?" RN Grace responded: "I was in the hall doing meds, he said are you doing my eye drops? I said I

have to go get them. Sgt. Said you have to do the drops yourself. Williams said no it doesn't happen that way. The nurse gives them to me and started yelling cussing and being beligerant; kicking the door." *Id*. at 2 (original errors).

On February 22, 2023, the hearing officer held the disciplinary hearing in case NCF 23-02-0039. Dkt. 12-5. Mr. Williams appeared and gave his statement: "I did not kick the door, I hiting the door." *Id*. (original error). After considering the conduct report, Mr. Williams' statement, and RN Grace's witness statements, the hearing officer found Mr. Williams guilty of disorderly conduct. *Id*. The hearing officer imposed sanctions that included a 30-day loss of good-time credit and the imposition of a previously suspended one-step demotion in credit class from disciplinary case NCF 23-02-0013. *Id*.

Mr. Williams' appeals were denied. This habeas action followed.

### C.    Analysis

In support of his petition, Mr. Williams argues that 1) he was denied the right to cross-examine the witness who no longer worked there and because he was blind, he "needed physical documentation" because he was not present for the oral statement over the phone; and 2) the hearing officer was not impartial because the officer did not consider that Mr. Williams was simply trying to have the eyedrops administered as prescribed. Dkt. 1 at 2-3.

#### 1.    Cross-Examination of Witness

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. "Confrontation and cross-examination present greater hazards to institutional interests" and are not required in the context of disciplinary proceedings. *Id*. at 567; *see also Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003)

(inmates have "no right to confront or cross-examine adverse witnesses" in disciplinary proceedings.).

In this case, Mr. Williams wanted to ask the nurse two questions. She provided answers over the phone and those answers were recorded on witness forms by prison staff. Because Mr. Williams had no right to cross-examine this witness, there was no due process error.

### 2. Impartial Decisionmaker

Next, Mr. Williams argues that the hearing officer was biased. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see also Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009). Indeed, the "the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Williams does not allege that the hearing officer was in any way involved in the incident at issue. Rather, he simply disagrees with the hearing officer's finding of guilt. This does not mean that the hearing officer was biased. This claim fails.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  In this case, Mr. Williams admitted that he was hitting the door when the nurse was present. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles petitioner to the relief he seeks.

Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **denied** and the action

**dismissed.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/19/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALLEN WILLIAMS
138186
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov